THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RA-
MÓN BONILLA FIGUEROA, Defendant and Appellant.

No. 17008.   Decided July 28, 1961.

*Angel Viera Martínez* for appellant.   *J. B. Fernández Badillo,
Attorney General of Puerto Rico, Arturo Estrella, Acting
Attorney General,* and *Nilita Vientós Gastón, Assistant At-
torney General,* for appellee.

Division composed of Mr. Justice Santana Becerra, as Chief
Judge of Division, and Mr. Justice Rigau and Mr. Justice
Dávila.

PER CURIAM.

The defendant is prosecuted for stealing a typewriter of
the Bureau of Income Tax.   On the day of the events for

which he is prosecuted, the defendant, according to the evidence for the prosecution, which was the only evidence heard before the jury, went up in the elevator to the fifth floor of the New York Department Store building in Santurce, where the offices of the Bureau of Income Tax are located, at noontime when the employees take time off for lunch. The defendant worked for a firm which supplies printed matter to the Bureau, and he used to make samples to be checked against the originals before making the final printing. On the day of the occurrence the defendant went up carrying a pasteboard box in one hand, and eight or ten minutes later he took the same elevator carrying the box in question, but this time he used both hands to carry it and placed it on his abdomen. He came out of the elevator on the first floor after talking briefly with one of the Bureau employees who was waiting for the elevator and disappeared, and shortly afterwards he returned to take the elevator in order to go to the Bureau, carrying on this occasion the printed matter to which reference has been made above.

When he delivered the printed matter he said that he was in a hurry and could not wait until the checking was done. When work was resumed at 1:00 p.m. one of the clerks noticed that an electric typewriter was missing. An investigation was conducted and notice given to the proper authorities. The following day a detective got in touch with the defendant and informed him that an investigation was being made on the disappearance of a typewriter from the Bureau of Income Tax. At police headquarters the defendant informs the detective that in fact, the previous day, when he reached the fifth floor for the purpose of taking some return forms to the office "he saw a young man carrying a typewriter, that he set it on the floor when he called his attention, ran down the stairway, the regular stairway of the building, and disappeared; thereupon he took the typewriter which was on the floor and put it in the pasteboard box which he had in his hand and decided

to hold it until the owner appeared." When he was asked the whereabouts of the typewriter, he said that it was in his home. They went to get it, but as they came near his residence the defendant told the policeman "to wait for him at a block or one and one-half blocks away from his house because he did not wish his wife, the children, or the neighbors to hear anything about the investigation in which he was involved."

The typewriter which the defendant handed to the police was the same typewriter which had disappeared from the Bureau of Income Tax.

That was the evidence before the jury before finding him guilty. The judge imposed a penalty of one to two years' imprisonment in the penitentiary at hard labor.

In support of his petition the appellant assigns four errors. The first error is to the effect that the trial judge questioned the prosecution witnesses frequently and made improper remarks in the course of the hearing of the evidence, thereby invading the function of the jury and depriving the appellant of an impartial or fair trial. The second is to the effect that the district attorney commented on the defendant's silence and that the court did not reject vigorously his comments. The third is to the effect that it permitted that the value of the stolen article be determined on the basis of the testimony of a witness who was not an expert in this matter. The fourth and last is to the effect that the verdict and the judgment are contrary to the evidence.

██ Regarding the first error, we have examined in detail all the incidents of the trial and studied carefully the evidence heard before the gentlemen of the jury. We do not believe that the actions and comments of the judge which appellant claims prejudiced his cause could have had any adverse effect on the jury. Clearly, the judge did not intervene any more than the judges who preside criminal cases. There is nothing to show that the defendant was prejudiced by

the magistrate's intentions. It is clearly unfair to a judge who presides a criminal case to cite isolated incidents occurring during the hearing of the evidence which lasted two days. *People* v. *Cordero*, 82 P.R.R. 367 (1961). In order to make a fair and complete weighing it is necessary to consider everything that happened during the hearing of the evidence and not to point out isolated incidents without taking into account what happened immediately before and after, as well as the judge's demeanor during the entire prosecution. None of the incidents pointed out by the appellant, even considering them isolatedly, would warrant reversal.

The second error seems highly superficial. The exposition thereof will prove it. When the defense attorney asks a witness to place the stolen typewriter in a pasteboard box, which according to a witness' testimony was more or less the same as that which the defendant was carrying on the day of the occurrence, the district attorney asked why not ask the defendant to do it. Obviously, this is not a comment on the defendant's silence. Moreover, the judge forthwith instructed the jury to disregard the district attorney's comment, which was clearly improper.

The third assignment is also without merit. In order to fix the value of a stolen article an expert's testimony is not necessary. We have held that the testimony to that effect of the owner of the stolen article is sufficient. *People* v. *Rivera*, 75 P.R.R. 282 (1953). Furthermore, evidence on the original cost of the typewriter was introduced in this case and the acting assistant director of the Bureau testified that its value was $500. This is sufficient to fix its value.

The fourth assignment challenges the sufficiency of the evidence. The exposition which we have made of the latter and that made by the appellant in his brief in discussing this error, if believed by the jury, proves the guilt beyond a reasonable doubt. It constitutes evidence, circumstantial in certain aspects, but we already said in *People* v. *Bonilla*, 78

P.R.R. 144 (1955), citing from *Holland* v. *United States*, 348 U.S. 121:

"Circumstantial evidence *in this respect* is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

Furthermore, the fact is that the defendant benefited by the presiding judge's concept of how the jury ought to weigh the circumstantial evidence. Despite the holding in *People* v. *Bonilla, supra,* the judge charged the jury that:

"... in cases of presumptive evidence it is necessary to prove facts which are not only compatible with the defendant's guilt, but also incompatible with every reasonable hypothesis of his innocence, always bearing in mind the evidence introduced and not the imagination."

This instruction was clearly beneficial to the defendant, since in weighing the evidence the jury was bound by the judge's instructions to reach the conclusion that the evidence heard "was incompatible with every reasonable hypothesis of his innocence."

The judgment appealed from will be affirmed.